237-07/LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
Bunge S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax

Lawrence J. Kahn (LK 5215)

**JUDGE BUCHWALD**

**07 CV 7512**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BUNGE S.A.,

          Plaintiff,

-against-

ASHAPURA MINECHEM LTD.,

          Defendant.
-----------------------------------------------------------x

07 CIV _____ (    )

**VERIFIED COMPLAINT**

Plaintiff BUNGE S.A. (hereinafter, "BUNGE"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant ASHAPURA MINECHEM LTD. (hereinafter, "ASHAPURA") alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breaches of a maritime contract of charter party. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.*

NYDOCS1/282949.1                                  1

2. At all times relevant hereto, BUNGE was and still is a business entity duly organized and existing under the laws of a foreign country, with an office and place of business at 13 Rte de Florissant, PO Box 518, Ch-1211, Geneva 12, Switzerland.

3. At all times relevant hereto, ASHAPURA was and still is a business entity organized and existing under the laws of India, a foreign country, with an office and place of business at Jeevan Udyog Building, 3rd Floor, 278, Dr D.N. Road, Fort, Mumbai 400 001, India.

4. On or about January 12, 2004, BUNGE, as disponent owner of the M/V DARYA CHAND, entered into a charter party agreement on an amended NYPE Form with ASHAPURA for a charter of the vessel for a period of "one time charter trip from West Coast India via Suez to Poti with bulk bauxite only trading via safe ports, safe berths, safe anchorages, always afloat, always within IWL, Duration 25/35 days without guarantee" at a daily hire rate of $26,500.

5. BUNGE performed all of its obligations under the charter.

## UNPAID HIRE CLAIM

6. The charter provided that hire was payable every 15 days in advance, and required ASHAPURA to pay charter hire in full and on time. In breach of the charter, however, ASHAPURA did not pay charter hire in full or on time.

7. A final hire statement was issued by BUNGE to ASHAPURA which reflected the amounts owed by ASHAPURA to BUNGE for use of the vessel pursuant to the charter. The final hire statement reflected a balance due to BUNGE of $530,138.24.

8. Although duly demanded of ASHAPURA, no part of this amount has been paid to BUNGE.

## GROUNDING DAMAGE

9. The charter between BUNGE and ASHAPURA required that ASHAPURA would only send the vessel to safe ports, safe berths and safe anchorages, where the vessel could be "always afloat".

10. In breach of the charter, however, ASHAPURA directed the vessel to an unsafe place where it ran aground.

11. BUNGE has not yet been able to fully quantify the damage to the vessel as a result of the grounding and reserves the right to seek additional security for grounding-related damage to the vessel.

## AWARDABLE ATTORNEYS FEES, COSTS OF ARBITRATION AND INTEREST

12. The charter specifically provides for the resolution of all disputes by arbitration at London, England, with English law to apply. BUNGE specifically reserves its right to arbitrate the merits of its dispute with ASHAPURA pursuant to the terms of the charter.

13. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, and the cost of the arbitration, all of which constitutes a part of the Plaintiff's claim.

14. Arbitration has, in fact, commenced between the two parties and BUNGE has thus far already incurred approximately $100,000 in awardable attorneys fees, disbursements and costs of the arbitration.

15. BUNGE estimates that it will incur a further £250,000 (approximately $497,450) in additional awardable attorneys fees, disbursements and costs of the arbitration if settlement is not achieved and the matter is brought to conclusion by arbitration.

16. Interest is also typically awarded, at the rate of LIBOR plus 1-2% compounded quarterly (approximately 8%). BUNGE estimates that it will be awarded approximately $42,410 in interest per annum. The typical time taken from commencement of arbitration through entry of judgment on an award is approximately 2 years. Accordingly, BUNGE estimates that it will be awarded approximately $84,820 in interest.

17. In all, BUNGE's claim for damages in this action, as near as presently may be estimated, total $1,212,408.24, no part of which has been paid by ASHAPURA. BUNGE specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure BUNGE.

18. After investigation, Defendant ASHAPURA cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or

being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

**W H E R E F O R E**, Plaintiff BUNGE prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant ASHAPURA, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claim of **$1,212,408.24** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to, from or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
August 24, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff Bunge S.A.

By: _____
Lawrence J. Kahn (LK 5215)
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

Lawrence J. Kahn, being duly sworn, deposes and says:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications and documents provided by our client regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

Lawrence J. Kahn (LK 5215)

Sworn to before me this
24 day of August, 2007

Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08

NYDOCS1/282949.1                           7